**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re*: **A.G. and E.W.**

**No. 16-0547** (Wood County 15-JA-187 & 15-JA-188)

**FILED**

**November 14, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Mother B.W., by counsel George M. Torres, appeals the Circuit Court of Wood County's May 9, 2016, order terminating her parental rights to fifteen-year-old A.G. and twelve-year-old E.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Courtney L. Ahlborn, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and terminating her parental rights to the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that she physically abused her children and abused illegal drugs. The petition contained additional allegations that petitioner allowed E.W.'s father to have contact with the children in violation of a circuit court order, that petitioner and the father engaged in domestic violence in the children's presence, and that petitioner stated that she wanted to kill the children.[2] The children were removed from petitioner's home and placed with their maternal grandmother. Thereafter, the circuit court held a preliminary hearing wherein it determined that the children should remain with their maternal grandmother. The circuit court also ordered that petitioner have supervised visitation with the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]According to the record, E.W.'s biological father's parental rights were terminated in a previous abuse and neglect proceeding. As a result of the termination, the circuit court issued an order restraining the biological from having any further contact with the children.

1

In January of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations as contained in the petition. Based upon petitioner's stipulations, the circuit court found that petitioner abused the children. Subsequently, petitioner moved for a post-adjudicatory improvement period.

In April of 2016, the circuit court held a dispositional hearing during which it heard testimony regarding petitioner's motion for a post-adjudicatory improvement period. Petitioner's therapist testified that petitioner was attending individual therapy and an outpatient intensive group therapy program. The therapist further testified that petitioner followed recommendations made by the therapy team and that petitioner was "willing to make a change in her life" but needed continued extensive therapy. Petitioner testified and described her physical abuse of the children as "behaving inappropriately" and stated that she could not remember what she had done. Petitioner also testified that she "possibly did" state that she wanted to kill her children but could not recall her exact statement. Petitioner also denied that she had regular contact with the father, but admitted that she did have some contact with him and allowed him to have unsupervised contact with the children in violation of a previous court order. A DHHR worker testified that petitioner had an extensive history with the DHHR and that it had provided her with all the services it had to offer, noting that some services were offered to her twice. The worker also testified that petitioner continued to have contact with the father after the filing of the most recent petition.

The children also testified in accordance with Rule 8(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings.[3] According to the children's testimony, petitioner allowed the father to have continuous contact with the children and asked the children to lie about the contact. The children also testified that petitioner and the father physically abused them and engaged in extensive domestic violence in their presence. The children further testified that petitioner abused drugs in their presence. Based upon the evidence presented, the circuit court noted that petitioner's past improvements had been temporary and found that petitioner engaged in domestic violence in the children's presence, physically abused the children, and abused illegal drugs. The circuit court also found that an improvement period was not likely to remedy petitioner's parenting deficiencies. The circuit court further found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that it was in the children's best interest to terminate petitioner's parental rights. The circuit court terminated petitioner's parental rights by order entered on May 9, 2016. Petitioner now appeals this order.

---

[3]Rule 8(b) provides that when taking testimony from children:

[t]he court may conduct in camera interviews of a minor child, outside the presence of the parent(s) . . . . When attorneys are present for an in camera interview of a child, the court may, before the interview, require the attorneys to submit questions for the court to ask the child witness rather than allow the attorneys to question the child directly, and the court may require the attorney to sit in an unobtrusive manner during the in camera interview. Whether or not the parties' attorneys are permitted to attend the in camera interview, they may submit interview questions and/or topics for consideration by the court.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner first argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. In support of her argument, petitioner asserts that she established that she was likely to fully participate in an improvement period as evidenced by the "significant changes to her lifestyle" and her return to counseling. Upon our review, however, the Court finds that petitioner failed to satisfy the applicable burden to obtain an improvement period. Regarding whether an improvement period should be granted, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate her ability to fully participate in an improvement period. Petitioner has an extensive history of domestic violence and substance abuse. The circuit court was presented with evidence that despite years of services, petitioner continued to physically abuse her children and initiated contact with the man who abused her and the children. Petitioner's own testimony supports the circuit court's finding that she was unlikely to make a meaningful change with regard to her parenting issues. It is clear from the record that petitioner failed to accept responsibility for her actions and their impact on the children as she denied exposing the children to the father or engaging in domestic violence with him in the children's presence, among other abuses. "Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in

making an improvement period an exercise in futility at the child's expense." *In re Timber M.,* 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *Charity H.,* 215 W.Va. at 217, 599 S.E.2d at 640). As such, it is clear that petitioner failed to establish that she was likely to fully participate in a post-adjudicatory improvement period and we find no error in the circuit court denying petitioner's motion.

Petitioner's second assignment of error is that the circuit court erred in terminating her parental rights to the children. Under the provisions of West Virginia Code § 49-4-604(b)(6), a circuit court must terminate parental rights when it finds that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

In the proceedings below, the circuit court specifically found that petitioner continued to physically abuse the children, engaged in domestic violence, and abused illegal drugs. The circuit court also found that termination of her parental rights was necessary for the children's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings. For these reasons, we find no error in the circuit court's order terminating petitioner's parental rights.

For the foregoing reasons, the circuit court's May 9, 2016, order terminating petitioner's parental rights to the children is hereby affirmed.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II